R. M. YOUNG v. W. O. APPELGATE.

No. 183.*   (58 Pac. 1000.)

1. CRIMINAL LAW—Bail—Deposit of Money. A defendant charged with a misdemeanor in a justice's court may, under the statute, deposit with the justice money in lieu of bail, being required to enter into a recognizance for his appearance at a subsequent day upon a continuance being granted.

2. ——— Forfeiture of Bail—Duty of Justice. A failure of the defendant to appear upon the day to which the case is adjourned for trial forfeits to the state such deposit, upon his being duly called and an order entered upon the docket of the justice therefor.

3. ——— Recovery of Deposit—Relief from Forfeiture. In case of such forfeiture being duly declared and entered, the defendant cannot recover the money so deposited from the justice of the peace without being first relieved from such forfeiture, as provided by section 155 of the criminal code.

Error from Thomas district court; CHARLES W. SMITH, judge. Opinion filed October 10, 1899. Reversed.

W. S. Willcoxon, for plaintiff in error.

Joseph A. Gill, for defendant in error.

*Reversed by the supreme court June 9, 1900. See 62 Kan.—, 61 Pac. 402.—REP.

The opinion of the court was delivered by

MAHAN, P. J. : The defendant in error, Appelgate, was arrested upon a warrant issued by the plaintiff in error on a charge of violating the prohibitory law. He desired a continuance of the case for trial, which was allowed by the justice, and he was required to enter into a recognizance in the sum of $200. He was unable to furnish sureties thereon to the satisfaction of the justice, and in lieu thereof, with the consent of the justice, he deposited $200. The recognizance tendered was thereupon approved by the justice. Subsequently, by stipulation of counsel for the respective parties, another continuance was taken until the 14th of June, 1898, and a recognizance of $200 required, which the defendant was unable to give, and he again agreed with the justice to leave on deposit the sum of $200 in lieu of bail, and a second recognizance was approved. Upon the day set for the trial the defendant in error failed to appear, and his recognizance or bail was declared forfeited and an order made directing the county attorney to proceed to collect the money thereon. In October following, a warrant having been issued in the case for the defendant's apprehension, he was arrested and brought before the magistrate, and thereupon moved the court for an order directing the return of the $200 to him, upon the ground that at the time of his last arrest he was coming to the magistrate to surrender himself. He did not, however, offer any excuse for his failure to appear on the day designated for trial. This application being refused, and a motion to quash the warrant upon which he was arrested being denied, he applied for and was granted a change of venue to another justice, where he was tried and acquitted. Sub-

Young v. Appelgate.

sequently he brought this action to recover the $200 from the justice of the peace, plaintiff in error, who answered, alleging the matters herein stated. To this answer the plaintiff demurred, upon the ground that the answer stated no defense. This demurrer was sustained, and the defendant electing to stand thereon, judgment was entered against him for $200 and interest. The principal assignment of error is based upon the court's sustaining this demurrer. The pivotal question presented thereby is, Had the justice of the peace authority to accept the $200 in money in lieu of bail? If he had, the defendant in error, by failing to appear at the time designated in his recognizance and in the order of the court granting the continuance had forfeited the same to the state.

Section 144 of chapter 102, General Statutes of 1897 (Gen. Stat. 1899, § 5395), makes special provision for the deposit of money in place of giving bail. Section 18 of chapter 104, General Statutes of 1897 (Gen. Stat. 1899, § 5633), provides as follows:

"All proceedings, including the mode of procuring and the grounds for a change of venue upon the trial of misdemeanors before a justice of the peace, shall be governed by the provisions of the code of criminal proceedure, so far as the same are in their nature applicable, and in respect to which no provision is made by statute."

Section 6 of the same chapter (Gen. Stat. 1899, § 5618) provides that the justice may postpone a trial of a misdemeanor to a day certain, and that he shall in such cases require the defendant to enter into a recognizance with sufficient surety, conditioned that he will appear before the justice at the time and place appointed, to answer the charge against him. Section 7 (Gen. Stat. 1899, § 5619) provides that if he fail to give the recognizance he shall be committed to the

jail until the day fixed for the trial. There is an entire absence from the justices' code of any provision for the forfeiture of a recognizance, and yet it will be conceded, no doubt, that in such cases the justice can adjudge a forfeiture, and he must, under the statute, enter it upon his docket in order to make it valid.

There is no provision in the justices' code by which a surety upon a recognizance may surrender his principal after a default, and yet the defendant in error sought by his motion in this case to be relieved from the default by having the only surety he had given the state for his appearance, of any value, returned to him. Nor is there any provision in the justices' code covering the ground covered by section 155 of the criminal code (Gen. Stat. 1897, ch. 102; Gen. Stat. 1899, § 5405), which provides that a recognizance forfeited by a prisoner is collectable although he is afterward arrested on the original charge, unless remitted by the court for good cause shown, and yet we do not think that counsel for defendant in error would say that this provision is not applicable to a justice's court. None of these matters can be said strictly to be proceedings upon the trial, to which counsel for defendant seek to restrict the provisions of section 18. The provisions of section 154 of the criminal code (Gen. Stat. 1897, ch. 102; Gen. Stat. 1899, § 5404) doubtless would apply to an action upon a recognizance taken by a justice of the peace upon a misdemeanor trial, although it is not a provision governing the trial itself. The legislature of 1868, which framed and passed the codes of criminal law for the district court and justice's court, had the two bills under consideration at the same time. Concurrent jurisdiction is given to the two courts in cases of misdemeanor. It was necessary to adopt the two.

Young v. Appelgate.

One could not be made applicable to both courts without much confusion.   But it was not necessary to insert in each code all the provisions in relation thereto which the legislature deemed necessary.   It made one complete for the district court.   In the one adopted for the justices' courts it embodied such provisions as were not applicable to the district court, and by section 20 of the justices' code provided that all the provisions of the criminal code applicable to justices' courts, and for which provision was not specifically made, should govern in misdemeanors tried before justices of the peace.   It surely was not intended that the prosecuting officer, in cases of misdemeanor, could, by choosing the justice's jurisdiction, deprive a defendant of the right to deposit money in lieu of bail, which was accorded him in such cases in the other jurisdiction. It was doubtless the duty of the justice to enter an order therefor to pay the money into the county treasury, unless before he did so the defendant procured a remission of the forfeiture by the justice, under the provisions of section 155.   This the defendant did not attempt to do, unless we can say that his application to the court to return to him his money was an application therefor.

We are of the opinion that the justice of the peace, under the statute referred to, had authority to accept money in lieu of bail for the appearance of the defendant in error, and that by his failure to appear he forfeited the same to the state, and that the answer of the defendant stated a good defense to his action to recover the same.   Our conclusion upon this point renders it unnecessary more than to refer to the cross-petition in error of the defendant.   His suit herein was upon the official bond of the justice of the peace, and he joined with the plaintiff in error the sureties

thereon.  His petition stated the material facts in the case, except that it did not admit that upon a second continuance the defendant in error renewed his deposit of the $200 with the plaintiff in error.  To this petition the sureties upon the bond demurred; this demurrer was sustained.  The defendant in error now contends that the court erred therein.  This question becomes material upon the facts stated as above, and which are agreed to by all the parties as representing the true condition of the cause.  The defendant in error could not recover of the principal, and hence not of the sureties.

The judgment of the district court is reversed, and cause remanded for further proceedings in accordance with this opinion.